UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT  DIVISION

MELANIE EDWARDS            NO:

VERSUS            JUDGE

SPECIALISTS HOSPITAL
SHREVEPORT, L.L.C.            MAGISTRATE JUDGE

## <u>COMPLAINT WITH JURY TRIAL DEMAND</u>

### <u>JURISDICTION AND INTRODUCTION</u>

**1.**

This is a Civil Action for damages brought pursuant to 42 2000e, et seq, 42 USC 1981  for race discrimination, disability discrimination 42 USC 12101, et seq and retaliation in employment. Jurisdiction is founded upon 28 U.S.C. 1343. Plaintiff further invokes the supplemental jurisdiction of this court to consider claims arising under state law.

**2.**

Plaintiff MELANIE EDWARDS, is a major domiciliary of Bienville Parish, Louisiana.  She is an African American female.

**3.**

The Defendant herein is SPECIALISTS HOSPITAL SHREVEPORT, L.L.C.

("Specialists") domiciled at 1500 LINE AVENUE SUITE 206, SHREVEPORT, LA 71101. Its registered agent is Devin Jenkins at 1500 Line Ave., Ste 206 Shreveport, LA 71101.

**4.**

At all times material hereto, Defendant is a person within the meaning of 42 USC 1981, and as such prohibited from discriminating in employment decisions on the basis of race. At all times relevant and pertinent herein, Plaintiff EDWARDS was an employee of SPECIALISTS HOSPITAL SHREVEPORT, L.L.C. (Specialists).

**FACTS**

**5.**

Ms. Edwards was hired by Specialists as a phlebotomist earning $13.00 per hour. She was discharged by Specialists on May 12, 2022, without cause.  The discharging agent indicated she did not have to have a reason to discharge Plaintiff and did not provide any reason for Plaintiff's discharge.

**6.**

Ms. Edwards' elementary age old son, Travis Davis, is disabled due to severe asthma and G6PD Deficiency. G6PD can cause life-threatening hemolytic anemia that requires blood transfusions.  He has a substantial limitation on the life activity of breathing. Ms. Edwards had to make many trips to doctors and to out of town hospitals for her son.  Plaintiff was discharged by Defendant due to disability discrimination based upon her association with a disabled person, her son.  She was fired in part due

to the many trips to doctors she was required to take to care for her son.  She brings this action according to the Americans With Disabilities Act.

**7.**

Travis has trouble breathing and experiences shortness of breath.  He requires frequent medical attention.  Plaintiff was denied time off to assist with her son's care. She was hired with the understanding that she was part-time and could take time off when needed to care for her son.

**8.**

She was  discharged due to retaliation and race discrimination.  She brings this action according to 42 USC 1981, 42 USC 2000e, ADA, Louisiana law found at La. R.S. 23:332 and other statutes. On April 20, 2022, she complained of race discrimination regarding the favorable treatment given to white workers and their family members including time off to attend to important family matters including medical concerns and thereby against disabled persons.  Less than a month later, she was discharged.  Ms. Edwards was criticized due to absences to take her son to health care providers. However, whites were not likewise criticized and even granted time off to attend to family and allowed to bring children to work.  Plaintiff and Devers, another black employee, were required to work longer hours to make up for the absences of White employees.  Whites were granted privileges at work not given to Plaintiff.

**9.**

Specialists Hospital has pretextually asserted after the fact that Ms. Edwards was laid off due to a reduction in patient load.  But while at work, she had not been warned or told that the demand for her services had curtailed in any fashion.  And, Ms. Edwards was not informed that she was let go due to patient load.  Nor did the Respondent tell the Louisiana Workforce Commission that Ms. Edwards was terminated or laid off due to the patient load.  In the weeks prior to her termination, Ms. Edwards did not observe any reduction in the work load. Ms. Edwards asserts that the discrimination was intentional.

**10**.

The conduct of Specialists caused Ms. Edwards' to suffer lost wages, past and future, mental distress and anguish, humiliation, and embarrassment.  Specialists also failed to pay equal wages.  White employees were paid higher salaries than Plaintiff and another black employee, Kristian Devers.

**11.**

Plaintiff requests a trial by jury.

**12.**

Plaintiff filed an EEOC Charge around May 26, 2022.  EEOC issued to Plaintiff a right to sue letter on or about June 7, 2023 regarding her Title VII and ADA claims.

**13.**

The plaintiff has suffered damages and asks to be awarded a reasonable sum plus any and all compensatory and punitive damages. She suffered mental distress, humiliation, embarrassment, and loss of income, past and future.

**COUNT ONE**
**RACE DISCRIMINATION, RETALIATION AND DISCHARGE**

**14.**

Plaintiff repeats, reiterate and reallages each and every allegation contained in Paragraphs 1 through 13 as though set forth in full herein.

**15.**

Defendant did deprive the plaintiff of her rights, privileges and immunities secured to her by the laws of the United States, particularly her rights to be free from racial discrimination in the work place as provided by 42 USC 2000e and 42 USC 1981 when DEFENDANT imposed racially discriminatory conditions upon her employment, and pretextually caused her discharge as cited herein above and being treated differently from whites.  She was discharged due to retaliation after complaining of race discrimination.

**16.**

The Plaintiff has suffered damages and asks to be awarded a reasonable sum plus any and all compensatory and punitive damages.  She suffered mental distress,

humiliation, embarrassment, past and future, and loss of income, past and future.  Her discharge caused a loss of income that substantially impacted Plaintiff and her husband's ability to pay bills and sustain their standard of living.  As a result, they were forced to file for bankruptcy protection.  Plaintiff has sustained substantial mental distress as a result of her discharge.

## COUNT TWO
## DISABILITY DISCRIMINATION AND RETALIATION

**17.**

Plaintiff repeats, reiterate and reallages each and every allegation contained in Paragraphs 1 through 16 as is set forth in full herein.

**18.**

Defendant by its conduct herein alleged, did deprive the plaintiff of her rights, privileges and immunities secured to her by the laws of the United States, particularly her rights to be free from disability discrimination for her association with a disabled person, her son when DEFENDANT discharged her in violation of protected rights under the Americans With Disabilities Act and in retaliation for complaining about not being provided leave to attend to her disabled son's medical and disability condition.

**19.**

The Plaintiff has suffered damages and asks to be awarded a reasonable sum

plus any and all compensatory, consequential and punitive damages.  She suffered mental distress, humiliation, embarrassment, past and future, and loss of income, past and future.  Her discharge caused a loss of income that substantially impacted Plaintiff and her husband's ability to pay bills and sustain their standard of living.  They were forced to file for bankruptcy protection.  Plaintiff has sustained substantial mental distress as a result of her discharge.

## COUNT THREE
## LOUISIANA STATE LAW CLAIMS

**20.**

Plaintiff repeats, reiterate and reallages each and every allegation contained in Paragraphs 1 through 20 as is set forth in full herein.

**21.**

Employees of Defendant acted to inflict intentional mental distress against Plaintiff.

**22.**

Defendant violated Louisiana state law when it tolerated a racial and disability based hostile work environment and imposed racially discriminatory and intolerable working conditions and firing her from her employment as cited herein above and being treated differently from whites.

## MISCELLANEOUS

### 23.

Plaintiff is entitled to punitive damages against Defendant because the Defendant acted with reckless disregard for her federally protected rights when they tolerated a racially hostile work environment, discharged her, retaliated against her and treated her differently than whites and discharged due to her association with son, a disabled person.

### 24.

She is entitled to a trial by jury.

### 25.

Should Plaintiff prevail, she is entitled to an award of reasonable attorney fees, litigation expenses and all costs of court.

## PRAYER

WHEREFORE Plaintiff Melanie Edwards prays for judgment in her favor to include:

a.    Compensatory and consequential damages in a reasonable sum to be set by this Court, plus lost wages and judicial interest from date of demand.

b.    Punitive damages in a reasonable sum to be set by this Court.

c.    Reasonable attorney's fees, together with costs and litigation expenses.

d.    For such other and further relief as to this Court may seem just and proper under the circumstances.

e.     Adjudge and declare that the acts, policies, practices and procedures of defendants complained of herein violated plaintiff's civil rights secured by federal law;

f.     Permanently enjoin defendants from taking any action in retaliation against plaintiff for having filed a complaint and/or this lawsuit,

g.     Order defendants to make whole the plaintiff by providing all relief requested in this complaint and provided by law; and

h.     She be granted a trial by jury.

I.     She be granted such other and further relief as may be just.

Respectfully Submitted,

_____
NELSON W. CAMERON
Attorney at Law
675 Jordan Street
Shreveport, Louisiana 71101
(318) 226-0111
Bar No.: 01283

**Attorney for Plaintiff Edwards**

SERVE DEFENDANT AT
SPECIALISTS HOSPITAL SHREVEPORT, L.L.C.
Through its registered agent
Devin Jenkins
1500 Line Ave, Ste 206.
Shreveport, LA 71101